UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN J. HUTCHERSON,

        Petitioner,

v.                                                  Case No. 24-C-1044
                                                         Criminal Case No. 22-CR-243

UNITED STATES OF AMERICA,

        Respondent.

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

        On June 1, 2023, after entering pleas of guilty to Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 841(a)(1) (Count 1) and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), Justin J. Hutcherson was sentenced to 78 months in the custody of the Bureau of Prisons (a below Guideline sentence of 18 months on Count 1 with a mandatory minimum 5 years consecutive on Count 2). CR Dkt. Nos. 12, 19.[*] Judgment was entered on June 5, 2023. CR Dkt. No. 20. Hutcherson did not appeal his conviction, but on June 6, 2024, he filed a pro se "Motion Challenging the Elements of 924 (C); Ineffective Counsel and Entrapment." CR Dkt. No. 23. Because the relief Hutcherson was seeking and the basis of it was unclear, the court denied Hutcherson's motion on the ground that he failed to allege any basis for relief under 18 U.S.C. § 3582(c)(1)(A), Federal Rule of Criminal Procedure 35, or 28 U.S.C. § 2255. CR Dkt. No. 24. On July 10, 2024, citing *Castro v. United States*, 540 U.S. 375 (2003), Hutcherson filed a motion

---

[*] "CR Dkt." refers to the docket of the underlying criminal case, *United States v. Hutcherson*, Case No. 22-CR-243 (E.D. Wis.). "CV Dkt." refers to the docket in this case.

to reconsider in which he asked the court to "reopen" his motion and allow him leave to amend in an effort to state a claim for relief under 28 U.S.C. § 2255. CR Dkt. No. 25. On July 15, 2024, the court granted Hutcherson's motion and gave him 45 days to file an Amended Petition. CR Dkt. No. 26. On August 19, 2024, Hutcherson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising one ground for relief: counsel was ineffective for failing to investigate allegedly exculpatory police bodycam footage. CR Dkt. No. 27; CV Dkt. No. 1. The Government responded to the motion, and it is now before the court. The court will briefly set out the facts of Hutcherson's underlying criminal conviction and then turn to his § 2255 motion.

## BACKGROUND

The following facts are taken from the Presentence Report (CR Dkt. No. 16), the factual statements of which the court adopted as its findings of fact without objection by either party at the time of sentencing. These facts are also recited in the Plea Agreement (CR Dkt. No. 12), which Hutcherson signed and agreed under oath that the court could rely upon in accepting his guilty pleas.

On October 27 and 28, 2022, Drug Task Force officers arranged for a controlled buy to take place between Hutcherson and a Confidential Informant. CR Dkt. No. 16 ¶ 13. Hutcherson suggested the transaction take place at 1049 Moraine Way—the apartment building where Hutcherson's girlfriend, Antionetta Edwards, lived. *Id.* On October 28, 2022, at about 1:00 p.m., officers set up surveillance at 1049 Moraine Way. *Id.* ¶ 15. Hutcherson arrived at the apartment building in a black 2013 Chrysler 300C, and officers stopped the vehicle and arrested Hutcherson based on probable cause. *Id.* ¶¶ 15–16. Officers searched the vehicle and Hutcherson's person, ultimately finding over $2,500.00 in cash, a Glock Model 21 .45-caliber pistol, and various loaded magazines. *Id.* ¶ 16. A further search of the vehicle produced two bags of fentanyl pills, containing

185 pills total, that were hidden near the visor-area of the Chrysler. *Id.* Officers also searched Ms. Edwards' apartment. *Id.* ¶ 17. On February 10, 2023, Hutcherson pleaded guilty. CR Dkt. No. 13. And on June 1, 2023, this court sentenced Hutcherson to a total of 78 months imprisonment, which was well below the guideline range of 93 months to 101 months. CR Dkt. Nos. 20 & 16 ¶ 90.

## ANALYSIS

A § 2255 motion is a "federal prisoner's substitute for habeas corpus." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Normally, "[a] claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial on direct appeal." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing another source). A claim of ineffective assistance of counsel, however, is an exception and may be brought in a § 2255 motion regardless of whether the claim was raised on appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Additionally, the statute requires the court to hold a hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). As the court explains below, that is the case here.

A claim of ineffective assistance of counsel is governed by well-established law set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must show that (1) counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's performance. *Id.* at 687. "These are at best difficult showings to make" as both prongs carry a presumption that weighs against a finding of ineffective assistance. *Lickers v. United States*, 98 F.4th 847, 857 (7th Cir. 2024); *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (citing other sources). And failure to

3

satisfy either prong will be fatal to a petitioner's claim. *Strickland*, 466 U.S. at 697; *see also Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

To surmount the first prong—the "performance" prong—a petitioner must show that "counsel's 'conduct [fell outside] the wide range of reasonable professional assistance,' bearing in mind that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Lickers*, 98 F.4th at 857 (quoting *Strickland*, 466 U.S. at 689–90). Showing that counsel's assistance was deficient requires a petitioner to "identify[] acts or omissions of counsel that could not be the result of professional judgment. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting another source); *see also St. Pierre v. Walls*, 297 F.3d 617, 628 (7th Cir. 2002) ("Just because there is no '*bona fide* defense to the charge' does not mean that counsel need manufacture one." (quoting *United States v. Cronic*, 466 U.S. 648, 656–57 n.19 (1984))).

In the context of deficiency based on a failure to investigate, a petitioner must allege "what the investigation would have produced." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (quoting *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004)). The court also considers "what the defendant told trial counsel" at the time of the investigation. *Koons*, 639 F.3d at 354; *see also Strickland*, 466 U.S. at 689. This is because "[c]ounsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information." *Strickland*, 466 U.S. at 691; *see also United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("An ineffective assistance of counsel claim cannot rest upon counsel's alleged failure

4

to engage in a scavenger hunt for potentially exculpatory information with no detailed instruction on what this information may be or where it might be found."); *Long*, 847 F.3d at 922 ("[A]n attorney need not investigate every possible factual scenario. Instead, the Constitution requires an attorney to make a 'reasonable' investigation.").

Hutcherson claims that his attorney was ineffective in failing to investigate "the exculpatory evidence that undermined the charges against Mr. Hutcherson." CV Dkt. No. 1 at 6. He elaborates on this claim in the brief filed contemporaneously with his motion. There he contends that the video recording of the events surrounding his arrest taken from the body-cameras of the arresting and evidence-gathering officers "shows officers handling the pills in a manner inconsistent with legitimate evidence collection practices, raising serious questions about the integrity of the investigation." CV Dkt. No. 2 at 14. More specifically, Hutcherson contends that the manipulation of the body cam footage "indicates an intentional effort to fabricate a connection between Mr. Hutcherson's firearm and the drugs." *Id.* He claims that "The body cam footage reveals significant police misconduct, including the manipulation and planting of evidence and targeting Mr. Hutcherson." *Id.* at 20.

Hutcherson further alleges that his attorney failed to review the video evidence even though it was readily available in the discovery packet he received from the Government. Instead of fully investigating this exculpatory evidence, Hutcherson alleges that his attorney focused on convincing him to plead guilty to the offenses. This, he contends, constitutes ineffective assistance of counsel. Hutcherson further argues that had he known of the manipulation and planting of evidence by police, he would have gone to trial. Based upon these allegations, Hutcherson contends his motion to vacate his conviction should be granted. At the very least, he contends, he is entitled to an evidentiary hearing.

5

Upon consideration of Hutcherson's motion, the court directed the Government to supplement the record by filing the video evidence that Hutcherson claims his attorney failed to investigate and that Hutcherson contends establishes the evidence against him was planted. The Government promptly did so, and now, having viewed the video recordings upon which Hutcherson's allegations are based, the court concludes that he is not entitled to relief. The plain fact is that the video recordings do not support Hutcherson's contention that the evidence upon which his convictions were based was planted or manipulated by police to, in effect, frame him for a crime he did not commit. The video recordings and Hutcherson's description of them concern the search of his girlfriend's home after both Hutcherson and his car were driven to the police station. The video recordings show the gun that was found in Hutcherson's car that he admitted possessing. None of the fentanyl that Hutcherson pleaded guilty to possessing with intent to distribute was found in that residence. It was apparently at the police station where the search of Hutcherson's car occurred and officers found 185 M30 fentanyl pills hidden inside the headliner near the visor. The video recordings he describes in his brief in support of his motion are from body cameras worn by officers who remained at the scene of his arrest and conducted a search of his girlfriend's apartment. The video recordings do not show officers planting evidence or engaging in misconduct that had any bearing on the factual basis for Hutcherson's guilty pleas. Hutcherson's claim that his attorney was ineffective for failing to investigate such evidence therefore fails in its entirety. There is no reason to believe that Hutcherson's attorney did not view the video recordings, as they do not support Hutcherson's claim that the evidence was planted.

Accordingly, Hutcherson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1) is **DENIED**, and the case is dismissed. No evidentiary hearing is necessary as it is clear from the petition and the video evidence on which his claim is based that

Hutcherson is not entitled to relief. A certificate of appealability is denied, as the court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment accordingly.

Hutcherson is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 60 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Hutcherson decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of December, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge